**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT ROSENDAHL and VERONICA CLARK, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br>vs.<br>BRIDGEPOINT EDUCATION, INC., ASHFORD UNIVERSITY, and UNIVERSITY OF THE ROCKIES,<br><br>Defendants. | CASE NO. 11cv61 WQH (WVG)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Petition to Compel Arbitration and to Stay Case Pending Arbitration filed by Defendants Bridgepoint Education, Inc., Ashford University, and University of the Rockies. (ECF No. 25).

**I.  Procedural Background**

On January 11, 2011, Plaintiffs initiated this action by filing the Complaint. (ECF No. 1). On March 15, 2011, Defendants Bridgepoint Education, Inc., Ashford University, and University of the Rockies filed a Motion to Dismiss and a Motion to Strike the Complaint. (ECF Nos. 10-11). On October 17, 2011, the Court issued an Order granting in part and denying in part the Motion to Dismiss. (ECF No. 21).

On November 14, 2011, Defendants filed an Answer and a Petition to Compel Arbitration and to Stay Case Pending Arbitration. (ECF Nos. 24-25). On December 5, 2011,

Plaintiff filed an Opposition to the Petition to Compel Arbitration. (ECF No. 27). On December 12, 2011, Defendants filed a Reply. (ECF No. 28).

## II.     Allegations in the Complaint

Plaintiff Scott Rosendahl alleges that he spoke with an online enrollment advisor at Ashford University ("Ashford"), enrolled in online courses, and completed five online courses by 2009. (ECF No. 1). Plaintiff Rosendahl alleges that the "enrollment advisor misleadingly claimed that Ashford offered 'one of the cheapest undergraduate degree programs in the country[,]'" but it does not. *Id.* at ¶ 23. Plaintiff Veronica Clark alleges that she spoke with an enrollment advisor at the University of the Rockies ("The Rockies"), enrolled in the doctor of psychology program, and completed nearly one year of the program. Plaintiff Clark alleges that the enrollment advisor told her that the doctor of psychology program "would qualify [Clark] for licensure as a clinical psychologist in the U.S. military" and that "the total cost of her Doctor of Psychology ('PsyD') degree program would be $53,000," but those statements were false. *Id.* at ¶¶ 58, 60. Plaintiffs assert claims for violation of the Unfair Competition Law, for violation of the False Advertising Act, for violation of the Consumer Legal Remedies Act, for negligent misrepresentation, and for fraud.

## III.    Factual Background

On January 21, 2009, Plaintiff Rosendahl entered into an enrollment agreement with Ashford. (ECF No. 25-2 at 21). On June 1, 2009, Plaintiff Clark entered into an enrollment agreement with The Rockies. *Id.* at 43. The enrollment agreements contained an arbitration agreement which states:

> Any disputes or controversies between the parties to this Agreement arising out of or relating to the student's recruitment, enrollment, attendance, education, billing, financial aid, financing options, student finance agreement, disbursement of funds, excess funds and other payments or career service assistance by [Defendants] or to this Agreement shall be resolved ... by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association the in effect or in accordance with procedures that the parties agree to in the alternative.
> ...
> Any such arbitration shall be the sole remedy for the resolution of any dispute or controversies between the parties to this agreement. Any such arbitration shall take place before a neutral arbitrator in a local near [Defendants] unless the Student and [Defendants] agree

otherwise. The arbitrator must have knowledge of and actual experience in the administration and operation of postsecondary educational institutions unless the parties agree otherwise.... The arbitrator shall have the authority to award monetary damages measured by the prevailing party's actual damages and may grant any nonmonetary remedy or relief that the arbitrator deems just and equitable .... The arbitrator shall not have any authority to award punitive damages, treble damages, consequential or indirect damages, ... or to award attorney's fees....

The parties shall bear their own costs and expenses. The parties also shall bear an equal share of the fees and costs of the arbitration ... unless the parties otherwise agree .... You and [Defendants] may bring claims against the other in your or its individual capacity, and not as a plaintiff or class member in any purported class or representative proceeding (including but not limited to, class actions and class arbitrations).

*Id*. at 20, 42.

### IV. Contentions of the Parties

Defendants seek an order compelling Plaintiffs to arbitrate their claims. Defendants contend that each of Plaintiffs' claims are subject to the arbitration agreement. Defendants contend that the United States Supreme Court's recent decision in *AT&T Mobility LLC v. Concepcion*, __U.S.__, 131 S.Ct. 1740 (2011) affirmed the validity of class action arbitration waivers. Defendants contend that they have not waived their right to seek arbitration.

Plaintiffs contend that Defendants have waived their right to arbitration by litigating this case. Plaintiffs contend that Defendants have failed to establish the existence of a valid arbitration agreement. Plaintiffs contend that the arbitration agreement is procedurally and substantively unconscionable. Plaintiffs contend that the Court should refuse to enforce the arbitration agreement with regard to the public injunction claims contained in Plaintiff's claims for violation of the Unfair Competition Law, for violation of the False Advertising Act, and for violation of the Consumer Legal Remedies Act.

### V. Discussion

#### A. Waiver

Plaintiffs contend that Defendants have filed motions to dismiss and to strike the complaint in this case. Plaintiffs contend that the *Concepcion* case was decided a few weeks after Defendants' motion to dismiss was fully briefed, but Defendants did not assert their claim

that the case should be arbitrated until after the Court issued a decision on the motion. Plaintiffs contend that "Defendants' motive is plain: they preferred obtaining dismissal of Plaintiffs' complaint and if their motion to dismiss and to strike failed, they would try their hands at arbitration." (ECF No. 27 at 13). Plaintiffs contend that they have been prejudiced because they were forced to oppose the motion to dismiss and "defendants succeeded in eliminating several of Plaintiffs' claims and narrowing the remaining claims." *Id.* at 14.

Defendants contend that they have not waived their right to compel arbitration on the grounds that the case is in its early stages. Defendants state that "[n]o discovery has taken place in the case, and the only action taken by Defendants was the filing of a motion to dismiss." (ECF No. 28 at 4). Defendants contend that the Court of Appeals for the Ninth Circuit has found that prejudice is not shown by responding to a motion to dismiss.

In determining whether arbitration has been waived pursuant to California law, the court may consider the following factors:

> (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party.

*Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1124 (9th Cir. 2008) (quoting *St. Agnes Med. Ctr. v. PacifiCare of Cal.*, 31 Cal. 4th 1187, 1196 (2003)). The waiver inquiry "must be conducted in light of the strong federal policy favoring enforcement of arbitration agreements." *Id.* at 1125 (quoting *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986)). "Because waiver of the right to arbitration is disfavored, any party arguing waiver of arbitration bears a heavy burden of proof." *Fisher*, 791 F.2d at 694 (quotation omitted); *see also Sobremonte v. Superior Court*, 61 Cal. App. 4th 980, 991 (1998) ("Since arbitration is a strongly favored means of resolving disputes, courts must closely scrutinize any claims of waiver. A party claiming that the right to arbitrate has been waived has a heavy burden of proof.") (quotation omitted).

In this case, the Complaint asserts class action claims. The motion to dismiss was filed and briefed prior to the Supreme Court's decision in *AT&T Mobility, LLC v. Concepcion*, __U.S.__, 131 S. Ct. 1740 (2011) abrogating California court holdings that waivers of class action litigation in arbitration agreements were unenforceable. No other dispositive motions have been filed, no motion for class certification has been filed, and no trial date has been set. The Court finds that the second and third waiver factors (i.e., "whether the litigation machinery has been substantially invoked" and "whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay") do not favor a finding of waiver. *Cox*, 533 F.3d at 1124 (quotation omitted). Defendants did not file a counterclaim, and there is no showing that Defendants obtained discovery which would not have been available in arbitration. *Cf. id.* (fourth and fifth waiver factors). The Court finds that Plaintiff has failed to show that Defendants acted inconsistently with a known right to arbitrate. *See Fisher*, 791 F.2d at 697.

Plaintiffs contend that they have been prejudiced by opposing the motion to dismiss. The Court finds that Plaintiffs have failed to establish that "the delay [in moving to compel arbitration] affected, misled, or prejudiced" Plaintiffs within the meaning of the relevant caselaw. *Cox*, 533 F.3d at 1124; *cf. Fisher*, 791 F.2d at 698 ("[T]he [plaintiff]s make the surprising contention that they have been prejudiced because they 'willingly incurred the substantial expense involved in this litigation in order to benefit from a full jury trial.' This wound was self-inflicted. The [plaintiff]s were parties to an agreement making arbitration of disputes mandatory. They violated that agreement by including their arbitrable claims in this action. Any extra expense incurred as a result of the [plaintiffs]' deliberate choice of an improper forum, in contravention of their contract, cannot be charged to [defendant].").

After considering the relevant factors, the Court finds that Defendants are not precluded from seeking to compel arbitration due to waiver.

**B.     Federal Arbitration Act**

The Federal Arbitration Act "was enacted ... in response to widespread judicial hostility to arbitration agreements." *Concepcion*, 131 S. Ct. at 1745 (citation omitted). Section 2 of the

FAA states: "A written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has described Section 2 "as reflecting both a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." *Concepcion*, 131 S. Ct. at 1745 (quotations omitted). "In line with these principles, courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms." *Id.* at 1745-46 (citations omitted).

"The final phrase of § 2 ... permits arbitration agreements to be declared unenforceable 'upon such grounds as exist at law or in equity for the revocation of any contract.' This saving clause permits agreements to arbitrate to be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *Id.* at 1746 (quotation omitted). "When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA." *Id.* at 1747 (citation omitted). "But the inquiry becomes more complex when a doctrine normally thought to be generally applicable, such as duress or ... unconscionability, is alleged to have been applied in a fashion that disfavors arbitration." *Id.* (citation omitted). "[A] court may not rely on the uniqueness of an agreement to arbitrate as a basis for a state-law holding that enforcement would be unconscionable, for this would enable the court to effect what the state legislature cannot." *Id.* (quotation omitted).

"Because the FAA mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed, the FAA limits courts' involvement to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (emphasis in original; quotation omitted). "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the

arbitration agreement in accordance with its terms." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

In this case, it is undisputed that the arbitration agreement encompasses the dispute at issue. However, Plaintiffs dispute the validity of the arbitration agreement.

### C.     Validity of Contract

Plaintiffs contend that Defendants have failed to meet their burden of showing that a valid arbitration agreement exists. Plaintiffs contends that "no signature appears in the two purported arbitration agreements submitted by Defendants." (ECF No. 27 at 15). Plaintiffs contend that "[o]nly type-written notations 'signed with E-Signature' - without the names of Mr. Rosendahl or Ms. Clark - appear in four signature blocks in each application." *Id*. at 16. Plaintiffs contend that "[u]nder California law, the purported 'signatures' - without even a print-out of Mr. Rosendahl's or Ms. Clark's name - cannot satisfy the mutual assent requirement of contract formation." *Id*.

Defendants assert that Plaintiffs enrolled at Ashford and The Rockies. Defendants assert that Ashford and The Rockies have an online application process and that Plaintiffs used the online application forms to apply for enrollment in 2009. Defendants have submitted a copy of Plaintiff Rosendahl and Plaintiff Clark's online application forms. (ECF No. 25-2 at 3-46). Defendants have submitted the declaration of Kirk Morrison, University Registrar and a Vice President of Ashford who states that "[a]s part of the online application process, students are required to consent to the execution of the enrollment agreement electronically ...." (ECF No. 28-1, Decl. Morrison ¶ 3). Defendants have submitted the declaration of Erik Gaskill, University Registrar of The Rockies who states that The Rockies uses the same process as Ashford. (ECF No. 28-2, Decl. Gaskill ¶ 3). The application forms contain the arbitration provision and an "Acknowledgment and Signature" paragraph which states: "My signature on this application certifies that I have read, understood, and agreed to my rights and responsibilities as set forth in this Application ...." (ECF No. 25-2 at 21, 43). The Ashford application's "Acknowledgment and Signature" section states: "Student name: Scott Andrew Rosendahl ... Signed with E-Signature [January 21, 2009.]" *Id*. at 21.   The Rockies

1  application's "Acknowledgment and Signature" section states: "Student name: Veronica Lois
2  Clark ... Signed with E-Signature [July 1, 2009.]" *Id.* at 43.  Morrison and Gaskill state that
3  "[i]n order for an applicant to proceed with the application they must read a disclosure and
4  consent form and affirmatively take action by clicking an electronic box which reads 'I
5  consent' at the end of the process." (ECF No. 28-1, Decl. Morrison ¶ 3; ECF No. 28-2, Decl.
6  Gaskill ¶ 3).  Morrison and Gaskill state that "[th]e phrase 'Signed with E-Signature,' is used
7  to acknowledge assent to the enrollment agreement in lieu of the student's name, which
8  appears in other places in the application and enrollment agreement."  Decl. Morrison ¶ 4;
9  Decl. Gaskill ¶ 4.  Morrison and Gaskill state that "[t]he student clicking 'I consent' generates
10  the legend 'Signed with E-Signature' automatically." *Id.*

11      The Supreme Court has held that an arbitration agreement may be challenged "upon
12  such grounds as exist at law or in equity for the revocation of any contract" *Buckeye Check*
13  *Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006) (quotation omitted).   The issue of
14  whether an arbitration agreement exists should be decided by the district court prior to
15  compelling arbitration.  *See Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc.*, 925
16  F.2d 1136, 1140-41 (9th Cir. 1991) "([A] party who contests the making of a contract
17  containing an arbitration provision cannot be compelled to arbitrate the threshold issue of the
18  existence of an agreement to arbitrate.  Only a court can make that decision."). The Court
19  applies state contract law to determine whether an arbitration agreement to arbitrate exists. *See*
20  *Pokorny v. Quixtar*, 601 F.3d 987, 994 (9th Cir. 2010).   The party seeking to enforce
21  arbitration must show by a preponderance of the evidence that the arbitration agreement "was
22  a product of a meeting of the minds between the parties."  *Bridge Fund Capital Corp. v.*
23  *Fastbucks Franchise Corp.*, 622 F.3d 996, 1005 (9th Cir. 2010) (citing *Engalla v. Permanente*
24  *Medical Group, Inc.*, 15 Cal. 4th 951, 972 (1997) ("The [party seeking arbitration] bears the
25  burden of proving the existence of a valid arbitration agreement by the preponderance of the
26  evidence, and a party opposing the [arbitration] bears the burden of proving by a
27  preponderance of the evidence any fact necessary to its defense.")).

28      In this case, Defendants have submitted a copy of Plaintiff Rosendahl and Plaintiff

1  Clark's online application forms which contain the arbitration agreement and were signed with
2  e-signature. Plaintiffs have not submitted any evidence that they did not assent to the
3  enrollment agreements. The Court finds that Defendants have proven the existence of a valid
4  arbitration agreement.

### D. Unconscionability of Arbitration Provision

Plaintiffs contend that the arbitration provision in the enrollment agreement is procedurally and substantively unconscionable.

"[I]n assessing whether an arbitration agreement or clause is enforceable, the Court should apply ordinary state-law principles that govern the formation of contracts." *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1072 (9th Cir. 2007) (quotation omitted). Under California law, a contractual clause is unenforceable if it is both procedurally and substantively unconscionable. *See id.* (citing, *inter alia*, *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000)). "Courts apply a sliding scale: 'the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.'" *Id.* (quoting *Armendariz*, 24 Cal. 4th at 114). "Still, 'both [must] be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability.'" *Id.* at 1072-73 (quoting *Armendariz*, 24 Cal. 4th at 114). "[T]he party opposing arbitration has the burden of proving the arbitration provision is unconscionable." *Higgins v. Superior Court*, 140 Cal. App. 4th 1238, 1249 (2006) (quotation omitted).

A court determination that "the arbitration agreement contains ... flawed provisions does not necessarily mean that the entire [arbitration agreement] is substantively unconscionable." *Davis*, 485 F.3d at 1084. The court must next consider whether it is "possible to sever the [unconscionable] provision." *Id.* (citation omitted).

### 1. Procedural Unconscionability

Plaintiffs contend that the arbitration provision is procedurally unconscionable because the enrollment agreement is a contract of adhesion. Plaintiffs further contend that the arbitration provision is procedurally unconscionable because the arbitration provision refers

1  to the rules of the American Arbitration Association, but there is no evidence that Plaintiffs
2  were provided with the rules.

3  Defendants contend that adhesion contracts are not unconscionable per se. Defendants
4  contend that "Plaintiffs have not, and cannot, contend they were rushed or pressured during
5  the enrollment process, the arbitration provision was hidden in the Enrollment Agreement, or
6  there exists some other indicia of procedural unconscionability—and they have provided no
7  evidence to support such a theory." (ECF No. 28 at 6). Defendants contend that the rules of
8  the American Arbitration Association are readily available online.

9  The "[p]rocedural unconscionability analysis focuses on 'oppression' or 'surprise.'"
10  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1280 (9th Cir. 2006) (quoting *Flores v.*
11  *Transamerica HomeFirst, Inc.*, 93 Cal. App. 4th 846, 853 (2001)). "'Oppression arises from
12  an inequality of bargaining power that results in no real negotiation and an absence of
13  meaningful choice,' while '[s]urprise involves the extent to which the supposedly agreed-upon
14  terms are hidden in a prolix printed form drafted by the party seeking to enforce them.'" *Id.*
15  (quoting *Flores*, 93 Cal. App. 4th at 853).

16  "The term [contract of adhesion] signifies a standardized contract, which, imposed and
17  drafted by the party of superior bargaining strength, relegates to the subscribing party only the
18  opportunity to adhere to the contract or reject it." *Armendariz v. Foundation Health Psychcare*
19  *Services, Inc.*, 24 Cal.4th 83, 113 (2000) (quotation omitted) ("Unconscionability analysis
20  begins with an inquiry into whether the contract is one of adhesion."). A contract of adhesion
21  is procedurally unconscionable when it is "presented on a take-it-or-leave-it basis and [is]
22  oppressive due to 'an inequality of bargaining power that result[ed] in no real negotiation and
23  an absence of meaningful choice.'" *Nagrampa*, 469 F.3d at 1281 (quoting *Flores v.*
24  *Transamerica HomeFirst, Inc.*, 93 Cal. App.4th 846, 853 (2001); *see also Circuit City Stores,*
25  *Inc. v. Adams*, 279 F.3d 889, 893 (9th Cir.2002) ("The [agreement] is procedurally
26  unconscionable because it is a contract of adhesion: a standard-form contract ...."). However,
27  in *Conception*, the contract at issue was a contract of adhesion. The Supreme Court held that
28  California's prohibition on class action waiver in arbitration agreements is preempted by the

Federal Arbitration Act in part because "[t]he rule [against class action waivers] is limited to adhesion contracts, but the times in which consumer contracts were anything other than adhesive are long past." *Conception*, 131 S. Ct. at 1750. In light of *Conception*, the Court does not find that the adhesive nature of the agreement weighs strongly in favor of procedural unconscionability.

Procedural unconsionability may be found when an arbitration provision refers to arbitration rules but a copy of those rules are not provided to the individual. *See Zullo v. Superior Court,* 197 Cal. App. 4th 477, 485 (2011) ("The absence of the AAA (American Arbitration Association) arbitration rules adds a bit to the procedural unconscionability."); *see also Trivedi v. Curexo Technology Corp.,* 189 Cal. App. 4th 387, 393 (2010) (holding that failure to attach arbitration rules added to the procedural unconscionability). In this case, the arbitration provision provides that arbitration would be conducted "in accordance with the Commercial Arbitration Rules of the American Arbitration Association in effect or in accordance with procedures that the parties agree to in the alternative." (ECF No. 25-2 at 20). Plaintiffs were not provided a copy of the rules of the American Arbitration Association. The Court finds that the absence of the rules of the American Arbitration Association "adds" to the procedural unconscionability. *Zullo*, 197 Cal. App. 4th at 485.

The Court finds that the arbitration agreement contains elements of procedural unconscionability.

### 2. Substantive Unconscionability

Plaintiffs contend that the arbitration provision is substantively unconscionable on the grounds that it contains "one-sided terms – favoring only Defendants" including: (1) locating the arbitration near Defendants; (2) requiring the arbitrator to have knowledge and experience in postsecondary education administration; (3) requiring students to bear their own costs and split the costs of arbitration; (4) prohibiting an award of punitive damages, treble damages, consequential or direct damages, and attorney's fees; and (5) barring class actions. (ECF No. 27 at 20).

Defendants contend that the arbitration provisions are not one-sided on the grounds that

1  the provisions bind Defendants as well as Plaintiffs.

2  "Substantive unconscionability relates to the effect of the contract or provision. A lack
3  of mutuality is relevant in analyzing this prong. The term focuses on the terms of the
4  agreement and whether those terms are so one-sided as to *shock the conscience*." *Davis*, 485
5  F.3d at 1075 (quotation omitted) (emphasis in original). "A determination of substantive
6  unconscionability involves whether the terms of the contract are unduly harsh or oppressive."
7  *Id*. (quotation omitted).

### a. Location of the Arbitration

Plaintiffs contend that the arbitration provision requiring the location of the arbitration to be near Defendants is a one-sided term favoring only Defendants.

Defendants contend that the forum selection clause is not unconscionable because it allows the parties to agree upon a location and Defendants agree to hold the arbitrations "either in San Diego, or near [Rosendahl and Clark's] place of residence." (ECF No. 28 at 8).

The arbitration agreement states: "Any such arbitration shall take place before a neutral arbitrator in a local near [Defendants] unless the Student and [Defendants] agree otherwise." (ECF No. 25-2 at 21).

The Court finds that the clear terms of arbitration provision provide that the parties can agree on the location of the arbitration. By filing suit in this Court, Plaintiff has effectively chosen San Diego. Defendants have agreed to San Diego as the location for arbitration or a location near Plaintiffs' places of residence. The Court finds that Plaintiff has failed to demonstrate that the arbitration agreement is substantively unconscionable because of the location provision in the arbitration agreement.

### b. Arbitrator with Knowledge and Experience in Postsecondary Education Administration

Plaintiffs contend that the arbitration provision requiring the arbitrator to have knowledge and experience in postsecondary education administration is a one-sided term favoring only Defendants.

Defendants contend that the requirement for the arbitrator to have knowledge and

1  experience in postscondary education administration is not unconscionable and the parties may
2  agree to an arbitrator without that experience.
3       The arbitration agreement states: "The arbitrator must have knowledge of an actual
4  experience in the administration and operation of postsecondary educational institutions unless
5  the parties agree otherwise."  (ECF No. 25-2 at 20).
6       Plaintiffs have failed to state any reason that requiring the arbitrator to have knowledge
7  and experience in postscondary education administration favors only Defendants.  The terms
8  of the arbitration provision provide that the parties can agree on an arbitrator without
9  knowledge and experience in postscondary education administration. The Court finds that
10 Plaintiffs have failed to demonstrate that the arbitration agreement is substantively
11 unconscionable because of the requirement for the arbitrator to have knowledge and experience
12 in postscondary education administration unless the parties agree otherwise.

### c.  Costs

14      Plaintiffs contend that the arbitration provision requiring students to bear their own
15 costs and split the costs of arbitration is a one-sided term favoring only Defendants.
16      Defendants contend that the fee-splitting provision is not unconscionable on the grounds
17 that it allows the parties to agree to a different division and Defendants agree to pay for "any
18 fees and costs in arbitration that Plaintiffs would not otherwise incur in court."  (ECF No. 28
19 at 8).  Defendants also contend that the rules of the American Arbitration Association allows
20 for fee waivers.
21      The arbitration agreement states: "The parties shall bear their own costs and expenses.
22 The parties also shall bear an equal share of the fees and costs of the arbitration ... unless the
23 parties otherwise agree ...."  (ECF No. 25-2 at 20).
24      An arbitration provision may be unconscionable when it requires an individual "to bear
25 any *type* of expense that the [individual] would not be required to bear if he or she were free
26 to bring the action in court." *Armendariz*, 24 Cal. 4th at 110-11 (emphasis in original).
27      Plaintiffs have failed to identify any fee or cost that they would be required to bear in
28 arbitration which they would not be required to bear in this case. Even so, Defendants have

1 agreed to pay for any fees and costs in arbitration that Plaintiffs would not otherwise incur in
2 court. The Court finds that Plaintiffs have failed to demonstrate that the arbitration agreement
3 is substantively unconscionable because of the requirement that students bear their own costs
4 and split the costs of arbitration unless the parties otherwise agree.

### d. Prohibition on Certain Damages

6 Plaintiffs contend that the arbitration provision prohibiting an award of punitive
7 damages, treble damages, consequential or direct damages, and attorney's fees is a one-sided
8 term favoring only Defendants.

9 Defendants contend that the prohibition on certain types of damages binds both parties;
10 however, if the court finds the term to be unconscionable, it could be severed.

11 The arbitration agreement states: "The arbitrator shall not have any authority to award
12 punitive damages, treble damages, consequential or indirect damages, ... or to award attorney's
13 fees...." (ECF No. 25-2 at 20).

14 An arbitration provision that requires an individual to waive remedies that they would
15 otherwise be entitled to may be substantively unconscionable. *See Armendariz*, 24 Cal. 4th at
16 110-11 (holding that an arbitration provision that required an individual to waive their statutory
17 rights was unenforceable); *see also Ingle v. Circuit City Stores, Inc*., 328 F.3d 1165, 1179 (9th
18 Cir. 2003) (holding that an arbitration agreement was substantively unconscionable "[b]ecause
19 the remedies limitation improperly proscribes available statutory...."); *Circuit City Stores, Inc.
20 v. Adams*, 279 F.3d 889, 894 (9th Cir. 2002) (holding that an arbitration agreement was
21 unenforceable because it "force[d plaintiff] to arbitrate his statutory claims without affording
22 him the benefit of the full range of statutory remedies.").

23 Plaintiffs have failed to identify any statutory remedies that they are entitled to but are
24 not available to them in arbitration. However, Plaintiffs have asserted claims for violation of
25 the Consumer Legal Remedies Act which allows recovery of punitive damages and attorney's
26 fees. *See* Cal. Civ. Code § 1780. The Court finds that the arbitration provision which
27 proscribes available statutory remedies of punitive damages and attorney's fees is substantively
28 unconscionable.

A court determination that "the arbitration agreement contains ... flawed provisions does not necessarily mean that the entire [arbitration agreement] is substantively unconscionable." *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1084 (9th Cir. 2007). The court next considers whether it is "possible to sever the [unconscionable] provision." *Id.* (citing Cal. Civ. Code § 1670.5(a) ("If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.")).

In *Armendariz*, the California Supreme Court stated that "the statute [i.e., Cal. Civ. Code § 1670.5] appears to give a trial court some discretion as to whether to sever or restrict the unconscionable provision or whether to refuse to enforce the entire agreement. But it also appears to contemplate the latter course only when an agreement is permeated by unconscionability." *Armendariz*, 24 Cal. 4th at 122. The Court stated:

> Courts are to look to various purposes of the contract. If the central purpose of the contract is tainted with illegality, then the contract as a whole cannot be enforced. If the illegality is collateral to the main purpose of the contract, and the illegal provision can be extirpated from the contract by means of severance or restriction, then such severance and restriction are appropriate.

*Id.* at 124; *see also Davis*, 485 F.3d at 1084 ("The question is whether the offending clause or clauses are merely 'collateral' to the main purpose of the arbitration agreement, or whether the [entire arbitration agreement] is 'permeated' by unconscionability.") (quoting *Armendariz*, 24 Cal. 4th at 124). In *Davis*, the Court of Appeals for the Ninth Circuit decided that, while the arbitration agreement under consideration had a lesser degree of unconscionability as those considered in *Ingle* or in *Adams*, the agreement nonetheless could not be cured by severance when the agreement was procedurally unconscionable and contained four substantively unconscionable terms which "cannot be stricken or excised without gutting the agreement." *Id.*

In this case, unlike in *Davis*, the arbitration agreement has an element of procedural unconscionability and contains one substantively unconscionable provision. The substantively unconscionable provision in this case has a lower degree of unconscionability than the four

substantively unconscionable provisions at issue in *Davis*. *Cf. Davis*, 485 F.3d at 1082 (holding that the four substantively unconscionable provisions included a "carve out" provision, a confidentiality provision, an "all-inclusive bar to administrative actions ... [which] is contrary to U.S. Supreme Court and California Supreme Court precedent," and a "notice provision" which functioned as "a substantively-unconscionable shortened statute of limitations"). The Court finds that, given "the liberal federal policy favoring arbitration," the single substantively unconscionable provision may be severed from the agreement. *Concepcion*, 131 S. Ct. at 1745. The Court finds that the entire arbitration agreement is not "permeated by unconscionability." *Davis*, 485 F.3d at 1084 (quotation omitted). The substantively unconscionable provision that "[t]he arbitrator shall not have any authority to award punitive damages, treble damages, consequential or indirect damages, ... or to award attorney's fees...." which would otherwise be available is severed from the arbitration agreement pursuant to California Civil Code § 1670.5. (ECF No. 25-2 at 20).

The Court finds that, after the substantively unconscionable provision is severed, the arbitration agreement is enforceable.

### E.    California Private Attorney General Act Claims

Plaintiffs contend that arbitration would deny Plaintiffs of their right to seek injunctive relief pursuant to California's Private Attorney General Act on behalf of the public. Plaintiffs contend that the ruling in *Concepcion* is "no impediment" to Plaintiffs' Private Attorney General Act claims. (ECF No. 27 at 23 n.5).

Defendants contend that Plaintiff's Private Attorney General Act claims are arbitrable pursuant to *Concepcion*. Defendants contend that California's exemption for claims seeking public injunctive relief was invalidated by *Concepcion*.

Prior to *Concepcion*, California courts held that claims pursuant to California's Private Attorney General Act seeking public injunctive relief cannot be sent to arbitration. *See Broughton v. Cigna Healthplans of Cal.*, 21 Cal.4th 1066 (1999) (holding that public injunction claim pursuant to the Consumer Legal Remedies Act are not arbitrable); *Cruz v. PacifiCare Health Sys., Inc.*, 30 Cal.4th 303 (2003) (holding that public injunction claims

pursuant to California's Unfair Competition Law and False Advertising Law are not arbitrable).

In *Concepcion*, the United States Supreme Court stated that a state "cannot require a procedure that is inconsistent with the Federal Arbitration Act, even if it is desirable for unrelated reasons," *Concepcion*, 131 S. Ct. at 1753, nor can a state "prohibit[] outright the arbitration of a particular type of claim," *id*. at 1747. After *Concepcion*, some courts continue to hold that claims seeking public injunctive relief cannot be sent to arbitration. *See Ferguson v. Corinthian Colleges*, Case Nos. SACV 11–0127 DOC (AJWx), SACV 11–0259 DOC (AJWx), 2011 WL 4852339 at 7 (C.D. Cal. Oct. 6, 2011); *In re DirecTV Early Cancellation Fee Marketing & Sales Practices Lit.,* Case No. 2011 WL 4090774 at 10 (C.D. Cal. Sept. 6, 2011). However, the majority of cases have held that state law rules set forth in *Broughton* and *Cruz* are the type of state laws that *Concepcion* found to be preempted by the Federal Arbitration Act.  See *Grabowski v. Robinson,* Case No. 10cv1658–WQH–MDD, 2011 WL 4353998 at *19 (S.D. Cal. Sept. 19, 2011); *Kaltwasser v. AT & T Mobility LLC*, Case No. C 07–00411, 2011 WL 4381748 at *7 (N.D. Cal. Sept. 20, 2011); *Nelson v. AT&T Mobility, LLC*, No. C10-4802, 2011 WL 3651153 at *4 (N.D. Cal. Aug. 18, 2011); *In re Gateway LX6810 Computer Prods. Litig*., No. SACV 10–1563–JST (JEMx), 2011 WL 3099862 at *3 (C.D. Cal. July 21, 2011); *Arellano v. T–Mobile USA, Inc.*, No. C 10–05663 WHA, 2011 WL 1842712 at *2 (N.D. Cal. May 16, 2011).

Plaintiffs assert representative claims pursuant to the California Private Attorney General Act. Although there is a split in holdings regarding whether the Federal Arbitration Act preempts California law that claims pursuant to California's Private Attorney General Act seeking public injunctive relief cannot be sent to arbitration, the Court finds the reasoning of the majority following *Concepcion* to be more persuasive. The Court finds that Plaintiffs' claims seeking public injunctive relief pursuant to California Private Attorney General Act claims are arbitrable and that the arbitration agreement's provision barring Plaintiffs from bringing those claims on behalf of others is enforceable.

**VI.  Conclusion**

1    IT IS HEREBY ORDERED that the Petition to Compel Arbitration and to Stay Case Pending Arbitration filed by Defendants Bridgepoint Education, Inc., Ashford University, and University of the Rockies (ECF No. 25) is GRANTED, as discussed above. The Clerk of the Court shall administratively close this case without prejudice to any party moving to have the case reopened for good cause.

DATED: February 28, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge